

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERDENECHULUUN TSERMAA, | No. 13-73632 |
| Petitioner, | Agency No. A200-993-606 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2016[**]
San Francisco, California

Before: KLEINFELD, IKUTA, and WATFORD, Circuit Judges.

Erdenechuluun Tsermaa, a native and citizen of Mongolia, petitions for

review of an order of the Board of Immigration Appeals (BIA) dismissing his

appeal from a decision denying his application for asylum, withholding of removal,

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

and protection under the Convention Against Torture (CAT).  We deny the petition.

1.  Substantial evidence supports the BIA's conclusion that Tsermaa failed to establish eligibility for either asylum or withholding of removal.  Tsermaa claims that he fears retribution for his role in exposing corruption by the former deputy director of a coal mine in Mongolia in the wake of a fatal mine collapse.  But the BIA could reasonably conclude that Tsermaa's alleged whistleblowing activity did not target "corruption inextricably intertwined with governmental operation," *Grava v. INS*, 205 F.3d 1177, 1181 (9th Cir. 2000), and the record does not compel the conclusion that the former deputy director's actions were part of any institutionalized corruption, *see Sagaydak v. Gonzales*, 405 F.3d 1035, 1042 (9th Cir. 2005).  Prosecutors in Mongolia brought criminal charges against the former deputy director, and a Mongolian court convicted him and handed down a prison sentence.  Neither the fact that the coal mine was partially state-owned nor Tsermaa's allegations regarding the high level of corruption in Mongolia compel a conclusion contrary to the one the BIA reached.  *See* 8 U.S.C. § 1252(b)(4)(B).

2.  Substantial evidence also supports the BIA's conclusion that Tsermaa failed to demonstrate eligibility for CAT relief.  Nothing in the record supports Tsermaa's assertion that he "is likely to be *tortured*, rather than persecuted," if returned to Mongolia.  *Wakkary v. Holder*, 558 F.3d 1049, 1068 (9th Cir. 2009).

None of the violent encounters Tsermaa recounts approach the level of torture as the CAT and its implementing regulations define that term. *See* 8 C.F.R. § 208.18(a)(1). Tsermaa has also provided no reason to conclude that, if returned to Mongolia, he would be tortured "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Id.* Tsermaa testified that he was "not afraid of the Mongolian police," and instead feared only the former deputy director's "people" in Mongolia, but the former deputy director's previous affiliation with the government no longer appears to exist, as he was fired in the wake of the government's successful prosecution.

**PETITION DENIED.**